[No. 9222. Department One. November 15, 1910.]

WILLIAM L. BILGER et al., Respondents, v. THE STATE OF WASHINGTON et al., Appellants.[1]

APPEAL—SUPERSEDEAS—INJUNCTION—INTEREST OF RESPONDENTS—STATE FUNDS. Upon an appeal from an injunction against the prosecution of a state and Federal canal lowering the waters of a lake, a work of great magnitude, the supreme court will grant a supersedeas pending the appeal, excepting as the riparian rights of the plaintiffs may be affected or their property burdened with assessments, when they would not be prejudiced in any other respect by a supersedeas, and where the improvement fund involved is a state fund under state control, as to the disposition of which individuals will not be heard to complain.

Application filed in the supreme court November 2, 1910, for a supersedeas suspending the operation of a judgment of the superior court for Thurston county, Mitchell, J., entered October 28, 1910. Granted.

*The Attorney General, Geo. F. Vanderveer, Harold Preston, Roger S. Greene,* and *H. A. P. Myers,* for appellants.

*Thomas A. Meade,* for respondents.

PER CURIAM.—This action was instituted by the owners of certain shore lands on Lake Washington to restrain the state, the county of King, and C. J. Erickson, a contractor under the state, from excavating a certain canal connecting Lake Union with Lake Washington; from levying an assessment on the property of the plaintiffs to defray the expenses of such excavation, and from issuing warrants against the state shore land improvement fund created by the act of March 17, 1909, Laws of 1909, p. 746 (Rem. & Bal. Code, § 5032a), for the like purpose. On the trial in the court below, a final judgment was given in favor of the plaintiffs, according to the prayer of their complaint, from which the defendants have appealed.

[1]Reported in 111 Pac. 771.

Since the appeal was perfected the appellants have applied to this court for a supersedeas suspending the operation of the judgment pending the appeal, and the matter is now before us for determination.  The injunction complained of is very broad, stopping as it does a public improvement of great magnitude in which both the state and Federal government are interested, and we deem it our duty to suspend its operation pending the appeal, in so far as we can do so without materially affecting the property or property rights of the respondents.  So far as we are able to discover from an examination of the record, the respondents can only be prejudiced or injured in their property or property rights by the acts complained of in two ways:  First, by lowering the waters of Lake Washington so as to affect their riparian and littoral rights: and second, by imposing burdens on their property by way of taxes or special assessment.  The question of lowering the waters of the lake has already been disposed of by an order heretofore entered in this court, so that the second question alone remains.  The state shore land improvement fund is a state fund under state control, and private individuals will not be heard to complain of the manner of its disposition.  *Jones v. Reed*, 3 Wash. 57, 27 Pac. 1067.

The operation of the judgment will therefore be suspended pending the appeal, and until the further order of this court, except in the following particulars:  The appellants must still refrain from lowering the waters of Lake Washington, except as heretofore authorized by this court, and the county of King must still refrain from levying or imposing any assessment on the property of the respondents to defray the expenses of excavating the canal.  A supersedeas order will be entered forthwith in accordance with this opinion.